UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| PAULETTE GANDARA, ADMINISTRATOR OF THE ESTATE OF PAUL ROBERT SALDIVAR,<br><br>    Plaintiff,<br><br>vs.<br><br>SHANNON AGUERO, GABRIEL HEPKE, & CITY OF CEDAR RAPIDS, IOWA,<br><br>    Defendants. | No. 1:14 – cv – 00014 - LRR<br><br>ANSWER OF DEFENDANTS SHANNON AGUERO, GABRIEL HEPKE AND CITY OF CEDAR RAPIDS, IOWA |

Defendants Shannon Aguero, Gabriel Hepke and City of Cedar Rapids Iowa answer Plaintiff's Petition at Law as follows:

1. Paragraph 1 of Plaintiff's Petition is denied for lack of knowledge.

2. Paragraph 2 of Plaintiff's Petition is denied for lack of knowledge.

3. Paragraph 3 of Plaintiff's Petition is admitted.

4. The first two sentences of Paragraph 4 in Plaintiff's Petition are admitted. The third sentence in Paragraph 4 requires no response.

5. Paragraph 5 of Plaintiff's Petition is admitted.

## OPERATIVE FACTS

6. Paragraph 6 of Plaintiff's Petition is denied.

7. Paragraph 7 of Plaintiff's Petition is denied.

8. Paragraph 8 of Plaintiff's Petition is denied.

9. Paragraph 9 of Plaintiff's Petition is denied.

10. Paragraph 10 of Plaintiff's Petition is denied.

11. Paragraph 11 of Plaintiff's Petition is denied.

## COUNT I

12. Defendants' answers to the above paragraphs are re-incorporated by reference in answer to Paragraph 12.

13. Paragraph 13 of Plaintiff's Petition is denied.

14. Paragraph 14 of Plaintiff's Petition is denied.

15. Paragraph 15 of Plaintiff's Petition is denied.

WHEREFORE, it is prayed that Plaintiff's Petition be dismissed at Plaintiff's costs.

## COUNT II

16. Defendants' answers to the above paragraphs are re-incorporated by reference in answer to Paragraph 16.

17. Paragraph 17 of Plaintiff's Petition is denied.

18. Paragraph 18 of Plaintiff's Petition is denied.

19. Paragraph 19 of Plaintiff's Petition is denied.

20. Paragraph 20 of Plaintiff's Petition is denied.

21. Paragraph 21 of Plaintiff's Petition is denied.

22. Paragraph 22 of Plaintiff's Petition is denied, including each and every subparagraph thereto.

WHEREFORE, it is prayed that Plaintiff's Petition be dismissed at Plaintiff's costs.

COUNT III

23. Defendants' answers to the above paragraphs are re-incorporated by reference in answer to Paragraph 23.

24. Paragraph 24 of Plaintiff's Petition is denied.

25. Paragraph 25 of Plaintiff's Petition is denied, including each and every subparagraph thereto.

26. Paragraph 26 of Plaintiff's Petition is denied.

27. Paragraph 27 of Plaintiff's Petition is denied.

WHEREFORE, it is prayed that Plaintiff's Petition be dismissed at Plaintiff's costs.

COUNT IV

28. Defendants' answers to the above paragraphs are re-incorporated by reference in answer to Paragraph 28.

29. Paragraph 29 of Plaintiff's Petition is denied.

30. Paragraph 30 of Plaintiff's Petition is denied.

31. Paragraph 31 of Plaintiff's Petition is denied.

32. Paragraph 32 of Plaintiff's Petition is denied.

33. Paragraph 33 of Plaintiff's Petition is denied.

34. Paragraph 34 of Plaintiff's Petition is denied.

35. Paragraph 35 of Plaintiff's Petition is denied.

36. Paragraph 36 of Plaintiff's Petition is denied.

37. Paragraph 37 of Plaintiff's Petition is denied.

WHEREFORE, it is prayed that Plaintiff's Petition be dismissed at Plaintiff's costs.

# AFFIRMATIVE DEFENSES

1. Defendants invoke all Iowa statutory and common law immunities to the extent they pertain to any claims Plaintiff seeks to assert under Iowa law.

2. Defendants Aguero and Hepke used no more force than was reasonably necessary to resist and repel Decedent Saldivar's assault and to effect his arrest.

3. Defendants Aguero and Hepke acted at all times in good faith and with probable cause.

4. Defendants Aguero and Hepke invoke the doctrine of qualified immunity.

5. Plaintiff fails to allege the existence of a policy or custom on the part of the City of Cedar Rapids which was the moving force of any constitutional deprivation Plaintiff asserts.

6. To the extent applicable, Decedent Saldivar's comparative fault and other third parties who may be added to this case reduces or bars any recovery.

7. Plaintiff has failed to state a claim or cause of action upon which recovery may be had.

8. The doctrines of sole proximate cause and intervening and superseding cause bar recovery.

9. Punitive damages are not recoverable against the City of Cedar Rapids and are not warranted as to Defendants Aguero and Hepke.

10. Defendants reserve the right to add additional affirmative defenses as warranted by ongoing discovery.

/s/MOHAMMAD H. SHERONICK
AT0007169
101 First Street S.E.
Cedar Rapids, IA  52401
(319) 286-5025
FAX (319) 286-5135
m.sheronick@cedar-rapids.org
ATTORNEY FOR DEFENDANTS

cc: Michael K. Lahammer and
Zachary D. Crowdes
425 2nd Street S.E., Suite 1010
Cedar Rapids, IA  52401