# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

PAULETTE GANDARA, administrator of the
estate of Paul Robert Saldivar,

    Plaintiff,

        vs.                                        No. 14-CV-14-LRR

SHANNON AGUERO, GABRIEL HEPKE,
and CITY OF CEDAR RAPIDS, Iowa,

    Defendants.

---

## PLAINTIFF'S TRIAL BRIEF

---

**TABLE OF CONTENTS**

I. Introduction ………………………………………………………………….………5

II. Substantive Issues …...………………………………………………………………6

      A. Excessive Use of Force ……………………………………………………...….6

      B. Deliberate Indifference to Serious Medical Needs ……………………….......…8

      C. Qualified Immunity ……………………………………………….............……12

III. Evidentiary Issues ………………………………………………………………….13

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987)

*Brown v. City of Golden Valley,* 574 F.3d 491, 499 (8th Cir.2009)

*Brosseau v. Haugen*, 543 U.S. 194, 199 (2004)

*Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir.2006)

*Chambers v. Pennycook*, 641 F.3d 898, 907 (8th Cir. 2011)

*Craighead v. Lee*, 399 F.3d 954 (8th Cir. 2005)

*Davis v. White*, (8th Cir. July 28, 2015)

*Dawkins v. Graham*, 50 F.3d 532, 535 (8th Cir. 1995)

*Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)

*Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989))

*Gordon v. Frank,* 454 F.3d 858, 862 (8th Cir. 2006)

*Gregoire v. Class*, 236 F.3d 413, 418 & n. 3 (8th Cir.2000)

*Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir.1996)

*Hartsfield v. Colburn*, 491 F.3d 394, 396 (8th Cir.2007)

*Henderson v. Munn,* 439 F.3d 497, 502 (8th Cir.2006)

*Hicks v. Norwood*, 640 F.3d 839 (8th Cir. 2011)

*Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998)

*Johnson v. Carroll,* 658 F.3d 819, 825 (8th Cir.2011)

*Kingsley v. Hendrickson,* No. 14-6368, 2015 WL 2473447 (U.S. June 22, 2015)

*Krout v. Goemmer*, 583 F.3d 557, 567 (8th Cir. 2009)

*Loch v. City of Litchfield*, 689 F.3d 961, 965 (8th Cir. 2012)

*Mann v. Yarnell,* 497 F.3d 822, 826 (8th Cir.2007)

*McKenney v. Harrison,* 635 F.3d 354, 359 (8th Cir.2011)

*Nance v. Sammis*, 586 F.3d 604, 610 (8th Cir. 2009)

*Pearson v. Callahan*, 555 U.S. 223, 232 (2009)

*Pietrafeso v. Lawrence Cnty.,* 452 F.3d 978, 983 (8th Cir. 2006)

*Rich v. Bruce*, 129 F.3d 336, 340 n. 2 (4th Cir.1997)

*Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002)

*Saucier v. Katz*, 533 U.S. 194, 201 (2001)

*Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014)

*United States v. Lanier*, 520 U.S. 259, 271 (1997)

**Statutes**

United States Code: Civil Rights
    42 U.S.C. § 1983

Plaintiff, by and through counsel, respectfully submits this Trial Brief:

**I.    Introduction**

On or about May 10, 2012, Defendants Aguero and Hepke were employed as police officers by the City of Cedar Rapids and working in that capacity. Defendants Aguero and Hepke investigated Paul Saldivar under suspicion of public intoxication. Defendants Aguero and Hepke arrested Saldivar for public intoxication and interference with official acts. During the arrest, Defendants Aguero and Hepke handcuffed Saldivar and placed him in the rear of the squad car without utilizing a seat belt or other safety restraint. At some time following his arrest, but his arrival at Linn County Jail, Saldivar became unresponsive and unconscious. Defendants Aguero and Hepke did not provide any medical assistance to Saldivar or alerted Linn County Jail staff of any need for medical assistance. Defendant Aguero was the transporting officer and would have been aware that Saldivar was unresponsive. Upon arrival at the Linn County Jail, Linn County Jail staff removed an unresponsive and unconscious Saldivar from the rear of the squad car and provided medical treatment. Saldivar was transported to Mercy Medical Center to receive further medical treatment. Due to his injuries, Saldivar died at Mercy Medical Center on May 17, 2012. The Iowa Medical Examiner determined Saldivar's cause of death was positional asphyxiation.

Plaintiff Paulette Gandara, Administrator of the Estate of Paul Saldivar, claims the Defendants used excessive force against Saldivar. This use of force caused fatal injury to Saldivar. After he had been detained, Saldivar became unconscious and unresponsive. Defendant Aguero was deliberately indifferent to Salidivar's serious medical need. Defendants cannot be shielded from liability by qualified immunity.

5

## II. Substantive Issues

### A. Excessive Use of Force

The officers' use of force was a seizure of Saldivar under the Fourth Amendment. The right to be free from excessive force in the context of an arrest is clearly established under the Fourth Amendment's prohibition against unreasonable searches and seizures." *Brown v. City of Golden Valley,* 574 F.3d 491, 499 (8th Cir.2009). An excessive force claim is "evaluated under the reasonableness standard of the Fourth Amendment." *Johnson v. Carroll,* 658 F.3d 819, 825 (8th Cir.2011) (quoting *McKenney v. Harrison,* 635 F.3d 354, 359 (8th Cir.2011)). The Fourth Amendment's "objective reasonable" standard applies to excessive-force claims that arise before the end of a detainee's booking process. *Hicks v. Norwood*, 640 F.3d 839 (8th Cir. 2011). In *Kingsley v. Hendrickson*, the Supreme Court recently held that the objective reasonableness standard applies to excessive force *due process* claims by pretrial detainees. No. 14-6368, 2015 WL 2473447 (U.S. June 22, 2015). The proper standard in cases such as this is the "objective reasonableness" standard. *Davis v. White*, (8th Cir. July 28, 2015).

The Eighth Circuit recognizes that during an arrest, an officer has the "right to use some degree of physical coercion or threat" to effectuate an arrest. *Brown,* 574 F.3d at 496 (quoting *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). To establish a constitutional violation under the Fourth Amendment's right to be free from excessive force, the test is whether the amount of force used was objectively reasonable under the particular circumstances. *Henderson v. Munn,* 439 F.3d 497, 502 (8th Cir.2006). The determination whether a use of force was reasonable is made by balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *McKenney,* 635 F.3d at 359 (citing *Graham v. Connor,* 490

6

U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *Graham,* 490 U.S. 386, 396 (1989).

The dispositive question is whether the officer's conduct was objectively reasonable under the circumstances, as judged from the perspective of a reasonable officer on the scene at the time the force was applied." *Chambers v. Pennycook*, 641 F.3d 898, 907 (8th Cir. 2011). The objective reasonableness standard asks whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation. *Craighead v. Lee*, 399 F.3d 954, 961 (8th Cir. 2005) (quoting *Graham v. Connor*, 490 U.S. 386, 388).

Prior to this court's decision in *Chambers*, "a reasonable officer could have believed that as long as he did not cause more than *de minimis* injury to an arrestee, his actions would not run afoul of the Fourth Amendment." *Id.* at 908. However, "[a] causal connection between an event and an injury may be inferred in cases in which a visible injury or a sudden onset of an injury occurs." *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002) (quoting *Turner v. Iowa Fire Equip. Co.*, 229 F.3d 1202, 1210 (8th Cir. 2000)). Prior cases acknowledging that "some minimum level of injury" may be required to prove a Fourth Amendment excessive force claim concluded that "the necessary level of injury is actual injury." *Dawkins v. Graham*, 50 F.3d 532, 535 (8th Cir. 1995).

When determining whether the force was excessive, the Court balances the "individual's Fourth Amendment interest against the countervailing governmental interests at stake." *Graham,* 490 U.S. at 396. Some relevant considerations include: the severity of the crime; whether the suspect poses a threat of harm to others; whether the suspect is resisting arrest; and other factors, such as whether the situation is "tense, uncertain, and rapidly evolving," which would force an officer to make "split-second judgments" about how much force is necessary. *McKenney,* 635

F.3d at 360 (quoting *Graham,* 490 U.S. at 396–97) (See also *Loch v. City of Litchfield*, 689 F.3d 961, 965 (8th Cir. 2012)). "It may appear, in the calm aftermath that an officer could have taken a different course, but we do not hold the police to such a demanding standard." *Estate of Morgan v. Cook,* 686 F.3d 494, 497 (8th Cir.2012) (quotation omitted).

The degree of injury suffered in an excessive-force case "is certainly relevant insofar as it tends to show the amount and type of force used." *Chambers,* 641 F.3d at 906. The court may also consider the severity of the complainant's injuries. *Mann v. Yarnell,* 497 F.3d 822, 826 (8th Cir.2007).

In this matter, the force used was unreasonable under the circumstances. Saldivar was suspected of public intoxication, which is not a serious crime. While Saldivar did attempt to flee from the scene, he was not an immediate threat to law enforcement officers or the general public. Saldivar's more significant injuries did not stem from his attempt to interfere with the arrest has he had already been taken into custody and was placed in the back of the squad car. Saldivar and the officers were the only persons present, so this was not a tense and rapidly evolving situation. The officers were not forced to make split-second decisions about the amount of force necessary as Saldivar had already been detained. At most, Saldivar posed a minimal safety threat to the officers. Saldivar had not threatened or displayed a weapon, nor did he actively make contact with the officers or take any other action against them. Therefore, the officers' use of force was not objectively reasonable.

### B.     Deliberate Indifference to Serious Medical Needs

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's ban against cruel and unusual punishments. *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The Eighth Amendment does not govern the

treatment of pretrial detainees like Saldivar, but under the Due Process Clause of the Fourteenth Amendment, "deliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate medical care." *Hartsfield v. Colburn*, 491 F.3d 394, 396 (8th Cir.2007).

To establish deliberate indifference, Plaintiff must show that Saldivar suffered from one or more objectively serious medical needs, and that the officers acted with a "sufficiently culpable state of mind," *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (See *Gordon v. Frank,* 454 F.3d 858, 862 (8th Cir. 2006)), namely, that they actually knew of, but deliberately disregarded, Saldivar's medical needs. *Id*. at 837, 114 S.Ct. 1970; *Hartsfield*, 491 F.3d at 397; *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir.2006). For the second prong, Plaintiff must show that the official was deliberately indifferent to that risk of harm, a subjective component. *Gordon*, 454 F.3d at 862.

Under the second, subjective prong, the evidence must show that the officers recognized that a substantial risk of harm existed and knew that their conduct was inappropriate in light of that risk. *Rich v. Bruce*, 129 F.3d 336, 340 n. 2 (4th Cir.1997); see *Gregoire v. Class*, 236 F.3d 413, 418 & n. 3 (8th Cir.2000). A party need not necessarily show that the actor actually knew of the substantial risk of harm to an inmate; the district court can infer knowledge if the risk was obvious. *See, e.g., Farmer,* 511 U.S. at 842-43. The showing of actual knowledge is a "question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Farmer*, 511 U.S. at 842, 114 S.Ct. 1970. Thus, "a factfinder may conclude that an officer knew of a substantial risk from the very fact that the risk was obvious." *Id*. But it is not enough merely to find that a reasonable person would have known about the risk, or that the officer should have known about the risk. *Id*. at 843 n. 8, 114 S.Ct. 1970. Similarly, the obvious

9

inadequacy of a response to a risk may support an inference that the officer recognized the inappropriateness of his conduct.

After showing knowledge, Plaintiff then must demonstrate the actor deliberately disregarded that risk. *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998). The plaintiff must show the official "knew that their conduct was inappropriate in light of" the risk to the detainee. *Krout v. Goemmer*, 583 F.3d 557, 567 (8th Cir. 2009). Deliberate indifference constitutes more than mere negligence. *Farmer*, 511 U.S. at 835. It must be "more than ordinary lack of due care for the prisoner's safety." *Id.* The test is akin to the criminal rule of "recklessness." *Id.* at 839-40; *see also Gordon*, 454 F.3d at 862 ("The subjective inquiry must show a mental state akin to criminal recklessness."). Although the level of blameworthiness must rise above negligence, Plaintiff does not have to show that the prison officials acted "for the very purpose of causing harm or with knowledge that harm would result." *Farmer*, 511 U.S. at 835. Generally, the actor manifests deliberate indifference by "'intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed.'" *Krout*, 583 F.3d at 567 (quoting *Pietrafeso v. Lawrence Cnty.,* 452 F.3d 978, 983 (8th Cir. 2006)). Further, "the obvious inadequacy of a response to a risk may support an inference that the officer recognized the inappropriateness of his conduct." *Id.*

When evaluating whether an actor deliberately disregarded a risk, we consider "his actions in light of the information he possessed at the time, the practical limitations of his position and alternative courses of action that would have been apparent to an official in that position." *Gregoire*, 236 F.3d at 419. We must avoid determining the question "with hindsight's perfect vision." *Jackson*, 140 F.3d at 1152. We now evaluate each Appellant's actions to determine whether there is sufficient evidence for a jury to find deliberate indifference.

If Plaintiff sufficiently satisfies the subjective awareness prong, the officers "may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844, 114 S.Ct. 1970. It does not follow, however, that an unreasonable response —*i.e.*, a negligent response—is sufficient to establish liability. Even if an official acts unreasonably in failing to take particular measures to improve conditions at a jail facility, for example, "reasonableness is a negligence standard," and "negligence cannot give rise" to a deliberate indifference claim. *Crow v. Montgomery,* 403 F.3d 598, 602, 601 (8th Cir.2005); see *Gregoire*, 236 F.3d at 418. In the context of medical care, "[d]eliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed," but "a showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Pietrafeso*, 452 F.3d at 983 (8th Cir.2006). Plaintiff must show that the officers were deliberately indifferent in their response to the perceived risk. *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir.1996).

In this matter, Saldivar clearly suffered from a serious medical need as he became unconscious and unresponsive while in custody, which ultimately resulted in his death. At the time Saldivar became unresponsive, he had been taken into custody and was being transported by Defendant Aguero. Aguero was aware of, but deliberately disregard, Saldivar's state and need for medical attention. Failing to provide any medical treatment or care for Saldivar was clearly inappropriate given the risk to Saldivar. By not providing immediate medical attention or ensuring that Saldivar received medical treatment as early as possible, Defendants intentionally delayed access to medical care. Defendants were deliberately indifferent in responding to Saldivar's serious medical need.

## C. Qualified Immunity

An official is entitled to summary judgment based on qualified immunity unless (1) the evidence establishes a violation of a federal constitutional or statutory right, and (2) the right was clearly established at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

As demonstrated above, the evidence will establish a violation of Saldivar's Fourth Amendment right against excessive force.

Even if a constitutional violation occurred, qualified immunity still protects an officer if the right defined in the specific context of the case was not clearly established. The right the official is alleged to have violated must have been clearly established in a particularized sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The salient question is whether the state of the law at the time of an incident provided fair warning to the defendants that their alleged conduct was unconstitutional." *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). "This inquiry . . . must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled on other grounds by Pearson*, 555 U.S. at 236.

For a constitutional right to be clearly established, there does not have to be a previous case with exactly the same factual issues. *Nance v. Sammis*, 586 F.3d 604, 610 (8th Cir. 2009);. General statements of the law are not inherently incapable of giving fair and clear warning, and in other instances a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question. *United States v. Lanier*, 520 U.S. 259, 271 (1997). The issue is not whether prior cases present facts substantially similar to the present case, but whether prior cases would have put a reasonable officer on notice that the use of deadly

force in these circumstances would violate the decedent's right not to be seized by the use of excessive force. *Craighead*, 399 F.3d at 962. In an obvious case, general standards can clearly establish the answer, even without a body of relevant case law. *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004).

Saldivar did not pose a threat of significant bodily injury or death to Officers Aguero and Hepke. The officers had fair and clear warning at the time of the arrest that the use of deadly force against a suspect who did not pose a threat of serious bodily injury or death was unconstitutional. Therefore, the right was sufficiently clear. A reasonable officer would have understood that the use of excessive, deadly force against a detained suspect who does not pose a significant and immediate threat of serious injury or death to an officer or others is not permitted. Consequently, the Defendants are not entitled to the protection of qualified immunity.

### III. Evidentiary Issues

#### A. Sequestration

While it is unknown whether this will be an issue at the time of trial, Plaintiffs respectfully request the Court issue a formal order that lay witnesses, save party representatives, be excluded from the Courtroom pursuant to Fed. R. Evid. 615.

Respectfully submitted,

By:
 Michael K. Lahammer                                                  Zachary D. Crowdes 
Michael K. Lahammer                                                 Zachary D. Crowdes
425 2nd Street SE                                                        425 2nd Street SE
Suite 1010                                                                    Suite 1010
Cedar Rapids, IA 52401                                      Cedar Rapids, IA 52401
(319) 364-1140                                                       (319) 366-4381
(319) 366-4442 (fax)

Attorneys for Plaintiff

Dated: August 17, 2015.

I certify that the foregoing was filed via CM/ECMF and all parties of record were then served.


08/17/2015     */s/ Michael K. Lahammer*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 17, 2015, I served the foregoing via the CM/ECF system on: