# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| PAULETTE GANDARA, ADMINISTRATOR OF THE ESTATE OF PAUL ROBERT SALDIVAR ) ) ) ) | Case No. Case No. 1:14-cv-00014-LRR |
| Plaintiffs, ) ) | |
| vs. ) ) | **FIRST AMENDED AND SUBSTITUTED COMPLAINT** |
| SHANNON AGUERO, GABRIEL HEPKE, & MICHAEL BARNHART, ) ) ) ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

The plaintiff, Paulette Gandara, as administrator of the Estate of Paul Robert Saldivar (hereinafter "Saldivar"), moves the Court for entry of judgment in her favor against Shannon Aguero, Gabriel Hepke, and Michael Barnhart and in support of such Complaint avers as follows:

## NATURE OF ACTION AND JURISDICTION

1. This is a civil action for damages pursuant to 42 U.S.C. § 1983, the Fourth, Eighth, and Fourteenth Amendmends to the United States Constitution, and under the laws of the State of Iowa, against Shannon Aguero, Gabriel Hepke, and Michael Barnhart, police officers of the City of Cedar Rapids, Iowa, as a result of their use of excessive force, deliberate indifference to serious medical needs, and other wrongful acts, occurring in and around the City of Cedar Rapids, Iowa, on May 10, 2012, and thereafter.

1

2. The individual Defendants are sued both in their individual and official capacities and against the City of Cedar Rapids, Iowa.

3. Plaintiff brings this action resulting from damages incurred and alleges that Defendants made an unreasonable seizure of Saldivar's person, assaulted, battered, and used excessive and unreasonable force against him in the process of arresting and stopping Saldivar. Plaintiff alleges that these constitutional violations were committed as a result of the policies and customs of the City of Cedar Rapids, Iowa.

## JURISDICTION AND VENUE

4. This action is brought against the Defendants pursuant to 42 U.S.C. § 1983 for the deprivation of civil rights secured by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, the Iowa Constitution, and other claims which arise out of state law.

5. Jurisdiction is founded upon 28 U.S.C. § 1331(a)(3)(4), and § 1367(a).

6. This Court has jurisdiction over the Plaintiff's claims of violation of civil rights under 42 U.S.C. § 1983 and pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the acts and omissions which give rise to this action occurred within this District.

8. This case presents an actual case in controversy arising under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States. This case also rises under the provisions of 42 U.S.C. §1983.

## PARTIES

9. Plaintiff is the duly appointed administrator of the estate of Paul Robert Saldivar by letters of administration granted on February 26, 2013, by the Iowa District Court, Linn County, Iowa.

10. Plaintiff, at all times material, was the surviving sibling of Paul Robert Saldivar and is a resident of Linn County, Iowa.

11. Defendants Shannon Aguero, Gabriel Hepke, and Michael Barnhart were at all times relevant to this complaint duly appointed police officers in the Cedar Rapids Police Department. Officers Aguero, Hepke, and Barnhart's actions alleged in this complaint were taken under the color of the laws of the State of Iowa and the City of Cedar Rapids. Defendants Aguero and Hepke are sued in their individual capacity.

12. The events and incidents alleged herein occurred in Linn County, Iowa.

13. At all times relevant, Defendants acted under color of state law.

## OPERATIVE FACTS

14. This is a wrongful death action. On or about May 10, 2012, Cedar Rapids Police Department Officers, employees and agents of the Defendant City of Cedar Rapids, Iowa, approached Saldivar under suspicion of public intoxication.

15. That on or about May 10, 2012, officers and employees of the City of Cedar Rapids, Iowa, and the Cedar Rapids Police Department used excessive force to arrest Saldivar and take him into custody. That during the arrest, the Cedar Rapids Police Officers physically assaulted Decedent, causing Saldivar to lose consciousness.

16. That the Cedar Rapids Police Officers arrested Saldivar, placing him in custody and transporting him to Linn County Jail.

17. That at some point after being arrested by Cedar Rapids law enforcement officers and prior to arriving at Linn County Jail, Saldivar, became unconscious and unresponsive.

18. That Decedent did not threaten, attempt to injure, or represent danger to the Defendants. That at the time of the arrest, Plaintiff was not resisting arrest.

## **COUNT I: Excessive Force**

Plaintiff for cause of action states as follows:

19. That the above paragraphs are incorporated by reference.

20. That in the process of the arrest, the Defendants intentionally injured Saldivar by striking him multiple times on his person, assaulting the Plaintiff, using excessive force to place in placing Saldivar in the rear of the police car, using excessive force in taking Saldivar into custody, closing the doors of the police car on his head and feet, and causing serious injury and death.

21. Defendants placed Saldivar in the rear of the police car on his stomach with his hands cuffed behind his back. Defendants closed the car doors on Saldivar's head and feet, causing his head to become stuck between the door and seat, prohibiting his ability to sufficiently breathe.

22. Defendants' use of force was excessive because it was not reasonably necessary to arrest Saldivar or take him into custody as Saldivar was already in handcuffed, in the rear of the police car, and in custody.

23. As a direct result of Defendants' use of excessive force, Saldivar was injured.

24. The Defendants were acting under color of state law.

25. That the aforesaid acts were done by the Defendants willfully, and with malicious design and purpose of injuring and damaging Decedent.

26. Each of the Defendants, individually, and in concert with each other acted under color of law in their official capacities, to deprive Saldivar of his rights to freedom from unreasonable seizure and the use of unnecessary, unjustified excessive force; said right secured to Saldivar by the Fourth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. § 1983.

27. The force used by the individual Defendants was excessive and not objectively reasonable in light of the facts and circumstances confronting them.

28. On an objective basis, no reasonable competent officer would have concluded that the individual Defendants should have taken the disputed actions.

29. Saldivar had a right to be free from excessive force in the context of arrest, being taken into custody, and being placed in the rear of the police car pursuant to the Fourteenth Amendment which prohibits against unreasonable seizures.

30. As a direct and proximate result of the acts and omissions of the Defendants, Saldivar was injured and damaged.

31. The injuries, damages, and relief which Plaintiff seeks from the Defendants, joint and severally, under both state and federal law, include, but are not limited to:

    a. Damages for physical pain and suffering of the past;

    b. Damages for emotional pain and suffering of the past;

    c. Damages for medical expenses of the past;

    d. Damages for incidental and consequential damages stemming from attending to the injuries of Saldivar;

    e. Damages for lost enjoyment of life of the past;

    f. Punitive Damages;

    g. Pre and post judgment interest;

    h. Attorney's fees;

    i. A Declaratory Judgment that the acts and conduct herein is unconstitutional; and

    j. All such relief, both general and specific, to which they may be entitled.

WHEREFORE, Plaintiff, Administrator of the Estate of Paul Saldivar, prays for judgment against the Defendant and demands that a monetary judgment be entered against Defendant for the injuries and damages sustained by them, together with the interest and costs as provided by law.

# COUNT II: DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

Plaintiff for cause of action states as follows:

32. That the above paragraphs are incorporated by reference.

33. That at some time after Defendants had placed Saldivar in the rear of the police car, but prior to arriving at the Linn County Jail's sally port, Saldivar's breathing became restricted, causing him to lose consciousness and become unresponsive.

34. That due to the seriousness of Saldivar's inability to breathe, he had a serious need for medical treatment, cardiopulmonary resuscitation, repositioning, and other immediate medical attention.

35. That Saldivar's need for medical attention, treatment, and care was obvious and apparent.

36. That Defendant Aguero was driving the police car transporting Saldivar. During transport and while in the rear of the police car, Saldivar unsuccessfully attempted to change his position by thrashing his body, kicking his legs, and other movements.

37. That Defendant Aguero was seated in the front seat of the police car, well within sight and hearing of Saldivar.

38. Those Defendants were aware of Saldivar's serious need for medical treatment, cardiopulmonary resuscitation, repositioning, and other immediate medical attention.

39. That Defendants, with deliberate indifference, failed to provide medical treatment, cardiopulmonary resuscitation, repositioning, and other immediate medical

attention within a reasonable time. Further, Defendant Aguero did not direct that medical care be provided or allow Saldivar to obtain the medical care needed within a reasonable time, instead Defendant Aguero continued to inform the Linn County Jail staff that Saldivar was uncooperative. At the time she made such statements, Saldivar was unresponsive and unconscious.

40. Defendants were acting under color of state law.

41. As a direct and proximate result of the acts and omissions of the Defendants, Saldivar was injured and damaged.

42. The injuries, damages, and relief which Plaintiff seeks from the Defendants, joint and severally, under both state and federal law, include, but are not limited to:

   a. Damages for physical pain and suffering of the past;

   b. Damages for emotional pain and suffering of the past;

   c. Damages for medical expenses of the past;

   d. Damages for incidental and consequential damages stemming from attending to the injuries of Saldivar;

   e. Damages for lost enjoyment of life of the past;

   f. Punitive Damages;

   g. Pre and post judgment interest;

   h. Attorney's fees;

i. A Declaratory Judgment that the acts and conduct herein is unconstitutional; and

j. All such relief, both general and specific, to which they may be entitled.

WHEREFORE, Plaintiff, Administrator of the Estate of Paul Saldivar, prays for judgment against the Defendants and demands that a monetary judgment be entered against Defendant for the injuries and damages sustained by them, together with the interest and costs as provided by law.

## **CAUSES OF ACTION**

43. Plaintiff re-allege and incorporate by reference the allegations contained in paragraphs 1 – 43.

44. In committing the acts complained of herein, the Defendants acted jointly and under color of state law to deprive Saldivar of his clearly established constitutionally protected rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution including but not limited to:

a. Freedom from unreasonable seizures;

b. Freedom from the use of unreasonable, unjustified, and excessive force;

c. Freedom from deprivation of life, liberty, and property without due process of law;

d. Freedom from summary punishment;

e. Freedom from the prevention of officers from using excessive force;

  f. Freedom from deprivation of needed medical care and reasonable safety;

  g. Freedom from cruel and unusual punishment; and

  h. Freedom from arbitrary governmental activity which shocks the conscience of a civilized society.

45. In violating Saldivar's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unreasonable seizure of Saldivar and utilized unnecessary, unjustified, unreasonable, and excessive force and were deliberately indifferent to Saldivar's serious medical need.

46. The individual Defendants' actions were not objectively reasonable under the circumstances based on the perspective of a reasonable officer at the time.

47. As a direct and proximate result of the violations of Saldivar's rights by the Defendants, Saldivar suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

48. Plaintiff seeks the award of attorney fees under state and federal law.

## **MISCELLANEOUS**

49. Plaintiff demands a trial by jury of all issues so triable.

WHERFORE, Plaintiff, Administrator of the Estate of Paul Saldivar, prays that she is granted judgment against Defendants for her damages; for punitive damages; attorney's fees, costs, and all other just and proper relief.


/s/Zachary D. Crowdes
Zachary D. Crowdes
425 2nd Street SE, Suite 1010
Cedar Rapids, IA 52401
319-364-1140
ATTORNEY FOR PLAINTIFF

/s/Michael K. Lahammer
Michael K. Lahammer
425 2nd Street SE, Suite 1010
Cedar Rapids, IA 52401
319-364-1140
ATTORNEY FOR PLAINTIFF